CIVIL MINUTES -- GENERAL

Case No.  **CV 19-10413-JFW(ASx)**                                    Date:  January 17, 2020

Title:  Judith Locke -v- Dennis Massie, et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                                         None Present
Courtroom Deputy                                    Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                                              None

**PROCEEDINGS (IN CHAMBERS):**       ORDER REMANDING ACTION TO SAN LUIS OBISPO SUPERIOR COURT

**I.    Factual and Procedural Background**

On March 27, 2018, Plaintiff Judith Locke ("Plaintiff") filed a Complaint against Defendants Dennis Massie and Samantha Massie in San Luis Obispo Superior Court. In her Complaint, Plaintiff alleges that she and Dennis Massie each have a fifty percent ownership interest in property located at 30 2nd Street, Templeton, California (the "Property"). Plaintiff also alleges that there are several liens and encumbrances, including federal tax liens, on the Property which affect Dennis Massie's one-half interest. In addition, Plaintiff alleges that Dennis Massie is denying her access to the Property and has refused her demand to sell the Property or to otherwise communicate with her regarding the Property. Plaintiff seeks, amongst other remedies, partition by sale of the Property.

On August 7, 2019, Plaintiff filed an Amendment to Complaint to Substitute True Names for Fictitious Names Pursuant to [California] Code of Civil Procedure Section § [*sic*] 474 ("Amendment to the Complaint"), which substituted United States of America Department of the Treasury Internal Revenue Service, CitiBank, N.A., State of California Franchise Tax Board, Cavalry SPV I, LLC, and R. Michael Devitt for Does 1 through 5. On December 9, 2019, Defendant United States of America filed a Notice of Removal, alleging that "[t]his action may be removed pursuant to 28 U.S.C. §§ 1444 and 2410 because it requests the partition of property against which the United States holds federal tax liens." Notice of Removal, ¶ 4. On January 6, 2020, Plaintiff filed a Notice of Dismissal Pursuant to Federal Rules fo Civil Procedure 41(a) or (c), dismissing the United States of America Department of Treasury Internal Revenue Service from the Complaint. On January 13, 2020, Plaintiff filed a Rule 26(f) Report, in which she "respectfully request[ed] that the Court remand the action sua sponte back to Superior Court" in light of the dismissal of the United

States. Rule 26(f) Report, 2:20-21. Plaintiff also represented that both the now-dismissed United States and R. Michael Devitt "support the remand of this matter by the Court sua sponte." Rule 26(f) Report, 3:1-2.

## II. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).

## III. Discussion

Section 1444 provides that "[a]ny action brought under § 2410 of this title **against the United States** in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444 (emphasis added). Section 2410 provides, in part, that:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, **the United States may be named a party** in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter-
>
>   (1) to quiet title to,
>   (2) to foreclose a mortgage or other lien upon,
>   (3) to partition,
>   (4) to condemn, or
>   (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410 (emphasis added)

In this case, because the United States was named as a defendant in an action to partition real property on which the United States has tax liens, the United States removed this action pursuant to Section 1444 and 2410. However, Plaintiff has dismissed the United States from this action as a party defendant and "it is only the presence of the United States as a party defendant herein which made [this action] removable from state court." *Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F.Supp. 991 (D. Colo. 1982) (remanding action after the United States was dismissed from action and holding that "plaintiffs' claims against the other defendants may be better litigated in" state court); *see also Chicago Title Co. v. Morris*, 2007 WL 4239505 (E.D. Cal.

Nov. 30, 2007) (remanding action removed pursuant to Sections 1444 and 2410 after the court granted the United States' claim for judgment because "the Court no longer has a basis for jurisdiction"). Accordingly, this action is **REMANDED** to San Luis Obispo Superior Court. *Rostykus v. Rostykus*, 352 F.Supp. 62 (W.D. Okla. 1972) (holding that divorce case in which the United States had intervened had been properly removed to federal court for the limited purpose of determining the validity and application of alleged tax liens on certain property of the parties, but holding that once the tax lien issues were resolved, "the case will be remanded to the State Court for further proceedings").

    IT IS SO ORDERED.